# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FRED BLUMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV924MLM |
| | ) |
| GLOBE LIFE AND ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the court is the Motion for Summary Judgment filed by Defendant Globe Life and Accident Insurance Company ("Defendant"). Doc. 15. Plaintiff Fred Blumer ("Plaintiff") filed a Response. Doc. 19. Defendant filed a Reply. Doc. 20. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8.

## UNDISPUTED FACTS[1]

On or about April 6, 2006, Defendant issued an accidental death insurance policy (the "Policy") to Derrick K. Blumer (the "Insured"). The benefit under the Policy is $50,000. Plaintiff is the designated beneficiary under the Policy. The Policy states as follows:

DEFINITIONS

    ACCIDENT: a fortuitous event, unforeseen and unintended.
    ACCIDENTAL BODILY INJURY: Traumatic damage to the Insured's Body.
    ACCIDENTAL DEATH: Death due to Accidental Bodily injury caused by an
    Accident occurring while the insurance is in force; ... .
    ... .

EXCLUSIONS
This certificate does not cover death caused by:
  1. ... .

---

[1] The facts are undisputed unless otherwise stated.

> ... .
> 6. Insured's intoxication (blood alcohol level of .10 percent weight by volume or higher);

Pl. Ex. 1 at 2.

On August 18, 2007, the Insured died in a single-vehicle car crash at 3:25 p.m., while he was driving northbound on U.S. 67 in Jefferson County, Missouri. The Insured was the driver of the car which crashed and its sole occupant. At the time of the crash the weather condition was "clear," the road condition was "dry," the light condition was "daylight," the road character was "straight," and vision was "not obscured." Def. Ex. B at 4. The Insured's car ran off the left side of the roadway and went into a grass median. Once it entered the median, the car continued north on the median, started to rotate in a clockwise direction, and struck a "yield" sign and post. The car's undercarriage then struck the asphalt crossover, and the car began to overturn as it continued north on the grass median. The car then struck a "do not enter" sign. The Insured was ejected from the car and came to rest face down in the median. He was pronounced dead at 4:20 p.m. on the date of the crash.

On August 19, 2007, the day after the crash, the Insured's body was examined by Jefferson County's Office of the Medical Examiner. The Medical Examiner's Report states as follows in regard to the Insured:

> Cause of Death:
>     Immediate Cause: Thoracoabdominal Blunt Trauma
>     Other Significant Conditions:
>         Acute Ethanol Intoxication
>
> Manner of Death: Accident

Pl. Ex. 3 at 4.

The Medical Examiner's Report further states:

> <u>Toxicology Results</u>:
> Blood:

```
        Blood Alcohol
            Acetone            Negative
            Ethanol            0.169 gm%
            Isopropanol        Negative
            Methanol           Negative
        ...
Vitreous:
    Vitreous Alcohol
        Acetone            Negative
        Ethanol            0.248 gm%
        Isopropa           Negative
        Methan             Negative
```

Pl. Ex. 3 at 5.

The Medical Examiner's Report also states that the Toxicology Results were Negative for all aspects of the Blood Drug Screen. Pl. Ex. 3 at 5. At the time of examination the Insured's blood alcohol level was over two times the legal limit (.08 gm%) proscribed by Mo. Rev. Stat. § 577.012.

The report issued by the Missouri Highway Patrol regarding the crash states that the "probable contributing circumstances" were "Improper Lane Usage/Change" and "Alcohol."[2] Def. Ex. B at 5.

The issue before this court is whether Plaintiff, the beneficiary of the Policy purchased by the Insured, is entitled to recover under the Policy for the Insured's death. Defendant contends that Plaintiff is not entitled to recover because the death of the Insured was not an accident and because the Insured's death was caused by his intoxication and, hence, excluded under the Policy. Plaintiff argues that the Insured's death was accidental; that recovery is not excluded under the Intoxication provision of the policy; and that, therefore, Plaintiff is entitled to recover under the Policy.

---

[2] Defendant states that the Missouri Highway Patrol's Report lists alcohol as a probable contributing circumstance to the Insured's *death*. Def. Facts, ¶ 24. The court notes that the Report is an accident report and, hence, the probable contributing circumstances listed are to the accident rather than to the Insured's death.

**STANDARD FOR A MOTION FOR SUMMARY JUDGMENT**

The court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id. See also Fenny v. Dakota, Minn.& E.R.R. Co., 327 F.3d 707, 711 (8th Cir. 2003) (holding that an issue is genuine "if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party").

A moving party always bears the burden of informing the court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256. "Factual disputes that are irrelevant or unnecessary" will not preclude summary judgment. Id. at 248.

In passing on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party and all justifiable inferences are to be drawn in its favor. Id. at 255; Raschick v. Prudent Supply, Inc., 830 F.2d 1497, 1499 (8th Cir. 1987). The court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. Anderson, 477 U.S. at 249. However, "[t]he mere existence of a scintilla of evidence in support of the [nonmoving

party's] position will be insufficient." Id. at 252. With these principles in mind, the court turns to an analysis of Defendant's Motion.

## LEGAL FRAMEWORK AND DISCUSSION[3]

A.    <u>Insurance Polices Under Missouri Law</u>:

Missouri law provides that a court interpreting an insurance policy should give the policy's language "'its plain meaning, which is the meaning that would ordinarily be understood by a layperson who bought the policy.'" <u>Haulers Ins. Co., Inc. v. Wyatt</u>, 170 S.W.3d 541, 546 (Mo. Ct. App. 2005) (quoting <u>Tapley v. Shelter Ins. Co.</u>, 91 S.W.3d 755, 757 (Mo. Ct. App. 2002)). "Ambiguous provisions of an insurance policy are construed against the insurer." <u>Id.</u> (citing <u>American Standard Ins. Co. of Wisconsin v. May</u>, 972 S.W.2d 595, 602 (Mo. Ct. App. 1998)). Further, ambiguous policy language must "be interpreted in the manner that would ordinarily be understood by the lay person who bought and paid for the policy." <u>Haggard Hauling & Rigging Co., Inc. v. Stonewall Ins. Co.</u>, 852 S.W.2d 396, 399 (Mo. Ct. App. 1993). On the other hand, "unambiguous provisions will be enforced as written." <u>American Standard</u>, 972 S.W.2d at 602 (citing <u>Haggard Hauling</u>, 852 S.W.2d at 399). Whether ambiguity exists is a matter of law for the court to decide. <u>Haulers Insurance</u>, 170 S.W.3d at 545 (citing <u>Martin v. U.S. Fidelity and Guaranty Co.</u>, 996 S.W.2d 506, 508 (Mo. 1999) (en banc)). "When there is 'duplicity, indistinctness or uncertainty in the meaning of the words used in the insurance policy,'" ambiguity exists. <u>Id.</u> (quoting <u>Tapley</u>, 91 S.W.2d at 757).

---

[3] When the jurisdiction of a federal court is based on diversity of citizenship, the federal court must apply the choice of law rule of the state in which it sits. <u>Heating & Air Specialists, Inc., v. Jones</u>, 180 F.3d 923, 928 (8th Cir. 1999); <u>Whirlpool Corp. v. Ritter</u>, 929 F.2d 1318, 1322 (8th Cir. 1991). As this court sits in Missouri, it must look to Missouri's choice of law rule applicable to contracts. Missouri follows the most significant contact test to determine what state's law should apply. <u>Dillard v. Shaughnessy, Fickel & Scott Architects, Inc.</u>, 943 S.W.2d 711, 715 (Mo. App. 1997). The parties agree that Missouri law is applicable to the issues before the court. Indeed, Missouri has the most significant contact in the matter under consideration. As such, the court will apply Missouri substantive law.

5

Upon construing specific language of an insurance policy a court "must consider the policy as a whole" and must "interpret the policy language in a manner [] consistent with the reasonable expectations, objectives, and intent of the parties.'" Id. at 546 (citing American Standard, 972 S.W.2d at 602) and (quoting American Family Mut. Ins. Co. v. Bramlett, 31 S.W.3d 1, 4 (Mo. Ct. App. 2000)).

Also, "[i]n Missouri, the burden of showing that the loss and damages are covered under the insurance policy is placed on the plaintiff; the burden of showing that there is an applicable exclusion is on the defendant insurer." American States Ins. Co. v. Herman C. Kempker Const. Co., 71 S.W.3d 232, 235 (Mo. Ct. App. 2002) (citing American States Ins. Co. v. Mathis, 974 S.W.2d 647, 649 (Mo. Ct. App. 1998).

B.  Whether the Insured's Death Was an Accident:

Defendant argues that the Insured's death was not an accident and that, therefore, coverage should be denied. Plaintiff contends that the Insured's death was an accident as defined by the Policy and that, therefore, coverage exists.

Upon construing the Policy's definition of "accident," the court will consider the Policy as a whole and determine whether its language leaves uncertainty as to its meaning. See Haulers Insurance, 170 S.W.2d at 546. As stated above, the Policy defines "accident" as a "fortuitous event, unforeseen and unintended." First, the Eighth Circuit has held that a "'reasonably foreseeable' standard" for construing the meaning of the term accident "is quite broad." King v. Hartford Life and Acc. Ins. Co., 414 F.3d 994, 1002 (8th Cir. 2005) (en banc). In reaching this conclusion the Eighth Circuit reasoned that "if all 'reasonably foreseeable' injuries are excluded from coverage, then the definition of accident may frustrate the legitimate expectations of [the insured], for insurance presumably is acquired to protect against injuries that are in some sense foreseeable." Id. Likewise,

relying on King, the Federal District Court for the Western District of Missouri recently found in Gardner v. Hartford Life and Accident Insurance Co., 2008 WL 4279815, at *3 (W.D. Mo. Sept. 15, 2008), that "defining 'accident' as an 'unforeseeable' occurrence ... renders the term subject to varying interpretations." The language of the Policy at issue which defines "accident" as "a fortuitous event, unforseen and unintended" "perpetuates the term's ambiguity." Gardner, 2008 WL 4279815, at *3 (citing King, 414 F.3d 994). The court finds, therefore, as a matter of law, upon considering the Policy as a whole, that the Policy's definition of "accident" is broad and ambiguous. See Haulers Insurance, 170 S.W.3d at 546; Haggard Hauling, 852 S.W.2d at 399. As such, under Missouri law, when construing this language the court must construe it against Defendant and in a manner which would ordinarily be understood by the Insured upon purchasing the Policy. See id.; Haggard Hauling, 852 S.W.2d at 399.

To the extent that Defendant contends that the Insured's death was not an accident merely because he was driving while intoxicated, the Federal District Court for the Western District of Missouri rejected this notion in Collins v. Minnesota Life Insurance Co., 2006 WL 13162, at *2 (W.D. Mo. Jan. 3, 2006) (unreported) ("[A] general rule that an alcohol-related collision is no longer an accident appears unwarranted absent substantially different scientific and statistical evidence."). The court in Collins, relying on statistics, held that:

> [S]tatistics are too low to prove that deaths and serious accidents are the natural and probable consequence of individuals who drive with blood alcohol levels above the legal limit. Certainly, the risk of such injuries increases with the ingestion of alcohol, but the statistics do not show that death or serious injury is probable or so likely that a collision or death, in most cases, is no longer an accident.
>
> ... . In individual cases there may be circumstances weighing in favor of a finding that the driver knew or should have known that a serious collision or injury would occur, but a general rule that an alcohol-related collision is no longer an accident appears unwarranted absent substantially different scientific and statistical evidence.

2006 WL 13162, at *3.

7

In support of its position regarding the definition of "accident" Defendant cites Gaddy v. Hartford Life Insurance Company, 218 F.Supp.2d 1123 (E.D. Mo. 2002), where the court found that the insured's deciding to operate a motor vehicle while intoxicated was affirmative choice to expose himself to a known peril and that, as such, it was not an accident.[4] The accidental life insurance policy at issue in Gaddy, unlike the policy in the matter under consideration, did not provide a definition for the term "accident." Under such circumstances and because there was no Missouri law directly on point, the court in Gaddy considered how Missouri courts would construe the term "accident." Id. at 1126 ("Where there is no state supreme court case on point, a federal court sitting in diversity has the duty to predict how the state's highest court would resolve the claim.") (citing ANR Western Coal Development Co. v. Basin Elec. Power Co-op., 276 F.3d 957, 964 (8th Cir.2002); Lincoln Benefit Life Co. v. Edwards, 243 F.3d 457, 465 (8th Cir.2001)). This court, however, must construe the language of the Policy defining "accident" and in so doing follow the rules of construction applicable to insurance policies.[5]

Another critical distinction between Gaddy and the matter under consideration is that the insurance policy in Gaddy contained an exclusion for "injury sustained *while* legally intoxicated from the use of alcohol while operating a motor vehicle." Id. at 1126 (emphasis added). The policy in the

---

[4] In Gaddy, 218 F. Supp.2d at 1127, the court first noted that "[i]n Missouri, a putative beneficiary claiming benefits under an accidental death policy must prove that the insured died by accident as a condition precedent to the insurer's duty to pay." (citing State Farm Mut. Auto. Ins. Co. v. Underwood, 377 S.W.2d 459, 462 (Mo. 1964)). The court proceeded to consider whether a death was an accident under circumstances where "the uncontroverted evidence shows that the cause of death [was] driving while intoxicated." Id.

[5] The court in Gaddy also found that a death which is the result of driving while intoxicated, while unintentional, is not an accident because it was "reasonably foreseeable." Id. As discussed above, the Eighth Circuit has found that the application of a reasonably foreseeable standard to a definition of accident is sufficiently broad as to create ambiguity. See King, 414 F.3d at 1102.

matter under consideration contains no such exclusion although it excludes coverage where the insured's death is *"caused by* ... Insured's intoxication." (emphasis added).

Construing the ambiguous Policy language against Defendant, the court finds that Plaintiff has met his burden to show that the Insured's death was an accident under the Policy and finds that Defendant has not established facts to support a contrary conclusion. See Kempker Const. Co., 71 S.W.3d at 235. As such, the court further finds that Defendant's Motion for Summary Judgment should be denied in regard to Defendant's contention that the Insured's death was not an accident.

C.  Exclusion for Death Caused by Intoxication:

Defendant contends, and Plaintiff refutes, that the Insured's death was caused by intoxication and that, therefore, recovery for his death is excluded under the Policy. The court finds, as a matter of law, that the Policy clearly and unambiguously provides for an exclusion from coverage where death is *cause*d by intoxication. See Haulers Insurance, 170 S.W.3d at 545. While it is undisputed that the Insured's blood alcohol was above the legal limit in Missouri, the Missouri Highway Patrol report states that the Insured's alcohol level was a "*probable contributing* circumstance[]" to the crash in which the Insured died. (emphasis added). The report also says that "Improper Lane Usage/Change" was a "*probable contributing* circumstance[]." (emphasis added). Additionally, the Medical Examiner's report lists the immediate cause of death as "Thoracoabdominal Blunt Trauma" and states that a "Significant Condition" causing the Insured's death was "Acute Ethanol Intoxication." While arguably, intoxication was *a* cause of the Insured's death, the undisputed facts do not establish that it was *the* cause of death.[6] As such, the court finds that there is a genuine issue of material fact as to the cause of the Insured's death and as to whether his death was "caused by" intoxication. As

---

[6] The court notes that the Policy does not provide for an exclusion under circumstances where the insured/driver is intoxicated or has a blood alcohol above the legal limit. Rather, the exclusion requires that the cause of death be intoxication.

9

such, Defendant has not met its burden to show that the death caused by intoxication exclusion is applicable. See Kempker Const. Co., 71 S.W.3d at 235. The court finds, therefore, that Defendant's Motion for Summary Judgment should be denied.

## CONCLUSION

For the reasons more fully set forth above the court finds that Plaintiff has met his burden to show that the Insured's death was caused by an accident as defined in the Policy; that Defendant has not established facts to support a conclusion to the contrary; that there is a genuine issue of material fact as to whether intoxication was the cause of the Insured's death; and that, therefore, Defendant's Motion for Summary Judgment should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by Defendant is **DENIED**; Doc. 15.

/s/ Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of December, 2008.