# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **FRED BLUMER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 4:08CV924MLM |
| ) | |
| **GLOBE LIFE AND ACCIDENT** ) | |
| **INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Before the court is the Counter Motion for Summary Judgment filed by Plaintiff Fred Blumer ("Plaintiff"). Doc. 22. Defendant Globe Life and Accident Insurance Company ("Defendant") filed a Response. Doc. 26. Plaintiff filed a Reply. Doc. 27. The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 8.

## UNDISPUTED FACTS[1]

In its previously issued Memorandum Opinion the court recited the undisputed facts in this matter.[2] As such, it is not necessary to reiterate them other than to state that Plaintiff is the designated beneficiary under an accidental death insurance policy (the "Policy") issued by Defendant to Derrick Blumer (the "Insured"); that the Policy does not cover death caused by the "insured's intoxication"; that intoxication is defined by the Policy as a "blood alcohol level of .10 percent weight by volume or higher"; that on August 18, 2007, the Insured died in a single-vehicle car crash; that the

---

[1] The facts are undisputed unless otherwise stated.

[2] The court's previously issued Memorandum Opinion is incorporated by reference. Doc. 21.

Medical Examiner's Report states that immediate cause of the Insured's cause of death was "Thoracoabdominal Blunt Trauma," that "Other Significant Conditions: Acute Ethanol Intoxication," and that the "Manner of Death" was "Accident"; that, at the time of examination, the Insured's blood alcohol level was over two times the legal limit proscribed by Mo. Rev. Stat. § 577.012; and that the report issued by the Missouri Highway Patrol regarding the crash states that the "probable contributing circumstances" were "Improper Lane Usage/Change" and "Alcohol." Doc. 21 at 1-3.

This court previously found that the term "accident" as used in the Policy must be construed "in a manner which would ordinarily be understood by the Insured upon purchasing the Policy"; that "Plaintiff met his burden to show that the Insured's death was an accident under the Policy" and that Defendant did not establish facts to support a contrary conclusion; that the Policy "clearly and unambiguously provides for an exclusion from coverage where death is *caused* by intoxication"; that there is "a genuine issue of material fact as to the cause of the Insured's death and as to whether his death was 'caused by' intoxication"; and that Defendant had not met its burden to show that the "death caused by intoxication exclusion is applicable." Doc. 21 at 7, 9-10.

In the pending Counter Motion for Summary Judgment Plaintiff suggests no additional facts and contends that the court should find that the Insured's death was caused by the accident, not from being intoxicated.[3] Doc. 23 at 8. Plaintiff fails to acknowledge that "accident" and "intoxication" are not mutually exclusive and incorrectly argues that summary judgment should be awarded in his favor because the Insured's death was an accident. Indeed, according to the Policy, if the cause of death

---

[3] The only additional undisputed facts established by the pending Motion are those stated in the Insured's "Missouri Driver Record," submitted by Defendant. This Missouri Driver Record establishes, among other things, that, at the time of his death, the Insured's driver's license was revoked.

was the Insured's intoxication, Plaintiff is not entitled to recover. Because Plaintiff has not suggested additional facts to establish the cause of the Insured's death, the court again finds that there remains a genuine issue of material fact as to whether the cause of the Insured's death was his Intoxication. As such, the court finds that Plaintiff's Counter Motion for Summary Judgment should be denied. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Accordingly,

**IT IS HEREBY ORDERED** that the Counter Motion for Summary Judgment filed by Plaintiff is **DENIED**. Doc. 22.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of March, 2009.